# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JASON LEIGH,** : | |
| : | |
| **Plaintiff,** : | **CIVIL ACTION FILE NO.** |
| : | **1:11-CV-4305-TWT** |
| v. : | |
| : | **[Magistrate Judge Baverman]** |
| **BANK OF AMERICA, N.A.; and** : | |
| **GEORGIA UNDERWRITING** : | |
| **ASSOCIATION INSURANCE,** : | |
| **CO.,** : | |
| : | |
| **Defendants.** : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). The Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any unrepresented parties a copy of the Report and Recommendation and a copy of this Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  3rd  day of  April , 2012.

                                      **ALAN J. BAVERMAN**
                                      **UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JASON LEIGH,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:11-CV-4305-TWT** |
| v. | : | |
| | : | [Magistrate Judge Baverman] |
| **BANK OF AMERICA, N.A.; and** | : | |
| **GEORGIA UNDERWRITING** | : | |
| **ASSOCIATION INSURANCE,** | : | |
| **CO.,** | : | |
| | : | |
| **Defendants.** | : | |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court upon the filing of Plaintiff's amended complaint, [Doc. 5], in response to the undersigned's Order directing Plaintiff to replead, [Doc. 3]. For the reasons below, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED** for failure to comply with a lawful Order of the Court.

### I. Introduction

In this Court's March 6, 2012, Order directing Plaintiff to replead, the undersigned described the proceedings as follows:

Plaintiff, proceeding *pro se*, has filed an IFP application seeking to bring a civil action against Defendants Bank of America, N.A. ("BANA") and Georgia Underwriting Association Insurance, Co. ("GUAIC"). [Doc. 1]. He has also filed a supplement to the complaint, with the heading "My Complaint" placed above the heading "More Information Related to my Civil Suit." [Doc. 2 at 1]. Although his claims are not entirely clear, he first states that "Bank of America made errors on my foreclosure and also misrepresentation on the foreclosure and also have not stood by there word." [Doc. 1-1 at 1]. He also discusses mold in a crawl space in his house, saying that a claims adjuster that came to assess water damage to his house did not check the crawl space and therefore did not detect the mold. [*Id.* at 2]. Although he does not state so explicitly, Plaintiff appears to imply from this that the check written thereafter by GUAIC should have been larger. Plaintiff contends that he took this check to a "mortgage agent" at a BANA bank. [*Id.*]. It appears that BANA then took this money and would not reimburse Plaintiff. [*Id.* at 3]. Plaintiff represents that no mold has been removed from the house, that he is still living there, and that he has contracted asthma from the mold. [*Id.*]. For relief, Plaintiff would like the house cleared of mold, as well as damages for emotional distress, pain and suffering, and the medical bills that have "piled up." [*Id.*]. On the civil cover sheet attached to the complaint, Plaintiff writes that he requests $250,000 in damages. [Doc. 1-2 at 2].

[Doc. 3 at 1-2]. The undersigned noted potential jurisdictional problems, as well as the lack of clarity and specificity with respect to potential claims:

> First, it is not evident that this Court has subject-matter jurisdiction over Plaintiff's claims. Plaintiff does not cite a federal statute, nor do his claims – which appear related to insurance, foreclosure, and personal injury – appear to implicate federal law. As such, none of his apparent claims "aris[e] under the Constitution, laws, or treaties of the United States" as required by 28 U.S.C. § 1331 to give the Court federal-question jurisdiction. Further, the allegations in the complaint do not demonstrate that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because

2

AO 72A (Rev.8/82)

there are no allegations regarding the citizenship of the parties. For these reasons, the complaint does not establish subject-matter jurisdiction in federal court, and Plaintiff's complaint is therefore subject to dismissal as frivolous.

Second, Plaintiff's complaint is insufficiently specific to state a claim. It is not entirely clear what claims are being asserted, or against whom. Plaintiff alleges generally that BANA "made errors" and a misrepresentation with respect to "[his] foreclosure," but this conclusorily allegation is entirely unsupported by additional facts. It is not clear exactly who Plaintiff blames for the mold or his asthma or what claim is being alleged as a result, nor is it clear how Defendants are properly joined as parties pursuant to Rule 20(b) of the Federal Rules of Civil Procedure. For these reasons, in his amended complaint, Plaintiff **SHALL**: (1) clearly delineate each specific claim under a separate heading; (2) specify for each claim the specific law violated, how it was violated, when it was violated, and by which defendant; and (3) delineate precisely the relief requested.

[Doc. 3 at 7-10 (footnotes omitted)].

On March 16, 2012, Plaintiff submitted his amended complaint. In his amended complaint, Plaintiff states that his hot-water tank burst on May 28, 2010, damaging the crawl space in his house and spreading water along his basement floor. [Doc. 5 at 1]. An insurance adjuster (who works for an "adjusters company" that works for GUAIC) visited on May 29, 2010, but did not go into the crawl space, instead taking pictures with the camera on his phone. [*Id.* at 1-2]. According to Plaintiff, if the adjuster had "gotten under there," he would have detected the mold and seen the water damages.

3

[*Id.* at 2]. The "insurance company" paid Plaintiff for his personal items and the clean-up of the water from the basement floor, but they did not take the time to go under the crawl space and detect the water there, and thus mold has grown in the garage and on the walls, furniture, kitchen cabinets, and clothing in the house, including upstairs. [*Id.* at 2-3]. Subsequently, Plaintiff contracted asthma, suffers from joint pain and emotional stress, and has "piles" of doctor bills. [*Id.* at 3]. Plaintiff lists several different insurance companies by whom he was insured, and he indicates that while BANA now "has another insurance on the property," he has requested "a copy" on several occasions but has never received it, despite BANA's indication that it mailed him a copy. [*Id.* at 4]. When Plaintiff complained to BANA about the mold, it sent a professional inspector, who said that the mold needed to be removed because it was dangerous to Plaintiff's health. [*Id.*]. BANA told Plaintiff to file another claim with GUIAC; he did, but GUIAC refused to pay any additional money. [*Id.* at 4-5].[1]

The only claim that appears to be explicitly asserted is one of negligence against BANA, "for the mold still being in the house." [Doc. 5-1 at 3]. Plaintiff also states that BANA knows that he "filed bankruptcy on the property" on December 1, 2009, and so

---

[1] Plaintiff's factual narrative continues for several more pages, but it is not necessary to the disposition of this case.

4

the property was protected "from any foreclosure issues." [*Id.* at 4].² BANA sent Plaintiff some paperwork dated August 9, 2011, indicating that he might be eligible for a "modification," but Plaintiff questions "how can you give a person a modification who's property was sold on September 7, 2010, due to foreclosure." [*Id.* at 5]. According to Plaintiff, "I'm holding Bank of America negligence because they knew my situation I was in but forgot I was still a customer. So pain and suffering – medical – mold clean-up also." [*Id.*]. Finally, Plaintiff requests "that the property be awarded to [him]." [*Id.* at 6].

Attached to the amended complaint is an undated letter with the heading "Independent Foreclosure Review" that states that (1) Plaintiff's property "is or was active in the foreclosure process between 1, 2009 and December 31, 2010"; (2) Plaintiff's loan "may be eligible for an Independent Foreclosure Review that may result in compensation or other remedy"; and (3) Plaintiff should respond by April 30, 2012.

---

² The undersigned notes that Plaintiff's bankruptcy proceedings were terminated on December 8, 2010. [*See* Bankruptcy Petition No. 09-91810-wh (Bankr. N.D. Ga.)].

AO 72A
(Rev.8/82)

## II. Discussion

Under this Court's Local Rules, the Court may dismiss a case if a party "fail[s] or refuse[s] to obey a lawful order of the court in the case." N.D. Ga. R. 41.3A(2). Here, Plaintiff's complaint should be dismissed pursuant to this rule, because he has not complied with the undersigned's earlier Order. First, it is still not clear that this Court has jurisdiction over this action. The citizenship of the parties has not been alleged, and there is no allegation of a violation of any federal law. Second, it does not appear that any claims have been explicitly alleged against GUIAC. Even liberally construed to state a claim for negligence or violation of contract against GUIAC, the amended complaint does not address the basis for this Court's subject matter jurisdiction. Similarly, while Plaintiff has asserted a negligence claim against BANA, that is a state-law claim over which this Court does not presently have jurisdiction. Because it does not appear that this Court has jurisdiction over the action, and because Plaintiff has not complied with the undersigned's earlier Order (because there is no specific claim alleged against GUAIC, nor are there any headings for any claims), the undersigned **RECOMMENDS** that the complaint be **DISMISSED**. *See Muhammad v. Bethel*, 430 Fed. Appx. 750, 753 (11th Cir. May 18, 2011) (holding that *pro se* action correctly dismissed where plaintiff failed to comply with the court's order to fix initial

6

complaint's deficiencies, even after being warned that failure to comply would result in the dismissal of his action without prejudice).

### III. Conclusion

For the reasons above, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this 3rd day of April, 2012.

              **ALAN J. BAVERMAN**
              **UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)